IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| PLANTIFF, | ) | |
| | ) | Criminal Action No. |
| V. | ) | 14-3106-01-CR-S-MDH |
| | ) | |
| | ) | |
| | ) | |
| KENNETH FRIEND, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## MOTION TO SUPPPRESS WIRETAPS

**COMES NOW**, the Defendant Kenneth Friend through undersigned counsel Stuart P. Huffman, and hereby requests that this Honorable Court suppress the contents and all evidence obtained, or derived, from the wire communications intercepted during the period from August 26th, 2014 through the Wiretap Order of November 4th, 2014 for wiretaps 14-WT-00001-MDH, 14-WT-00003-MDH, 14-WT-00004-MDH, 14-WT-00006 and 14WT-00007-MDH.

As grounds for this request counsel states the following:

### Procedural Background

On August 26th, 2014, the government submitted an application for an order authorizing the interception of wire communications to and from cellular phone number 417-268-0828. Melody Thomas was identified as the subscriber/user of the phone, and she was named as a "target". The application was approved by an official within the Department of justice as authorized by the statute [18 U.S.C. 2518 (11)(b)].

United States District Judge Douglas Harpool issued an order authorizing the interception of wire communications for a period of thirty (30) days. Such Order did not identify the named

authorized high level Department of Justice Official who approved the wiretap as set forth in [18 U.S.C. 2518 (4)(d)]. Interceptions commenced and led to additional applications for wiretap interceptions against Melody Thomas, Kenneth Friend and Eric McClanahan.

Each Order for such interception failed to specify "the identity of the person authorizing the application as required by 18 U.S.C. 2518 (4)(d).

On September 10th, the government submitted an application for an Order authorizing the interception of wire communications to and from cellular phone number 417-872-0739. Melody Thomas was identified as the subscriber/user of the phone. The application had been approved by an official within the Department of Justice as authorized by the statute [18 U.S.C. 2518 (11)(b)].

United States District Judge Douglas Harpool issued an Order authorizing the interception of wire communications for a period of thirty (30) days. Such Order did not identify the named authorized high level Department of Justice Official who approved the wiretap as set forth in [18 U.S.C. 2518 (4)(d)]. Defendant Kenneth Friend was developed as a target during this wiretap.

Neither of these Orders included the specific name of the high level Department of Justice Official who approved the wiretap.

On October 6th, 2014, the government submitted an application for an order authorizing the interception of wire communications to and from cellular phone number 417-365-2085. Kenneth Friend was identified as the subscriber/user of the phones, and he was named as a "target". The application was approved by an official within the Department of justice as authorized by the statute [18 U.S.C. 2518 (11)(b)].

United States District Judge Douglas Harpool issued an Order authorizing the interception of wire communications for a period of thirty (30) days. Such Order did not identify the named authorized high level Department of Justice Official who approved the wiretap as set forth in [18 U.S.C. 2518 (4)(d)]. Interceptions commenced and led to additional applications for wiretap interceptions against the Defendant Friend and Eric McClanahan among others.

The Order for such interception failed to specify "the identity of the person authorizing the application as required by 18 U.S.C. 2518 (4)(d).

On November 4th, 2014, the government submitted an application for an Order authorizing the interception of wire communications to and from cellular phone number 417-365-2085. Kenneth Friend was identified as the subscriber/user of the phone and he was named as a "target". The application was approved by an official within the Department of justice as authorized by the statute [18 U.S.C. 2518 (11)(b)].

United States District Judge Douglas Harpool issued an Order authorizing the interception of wire communications for a period of thirty (30) days. Such Order did not identify the named authorized high level Department of Justice Official who approved the wiretap as set forth in [18 U.S.C. 2518 (4)(d)]. Interceptions commenced and lead to additional applications for wiretap interceptions.

The order for such interceptions failed to specify "the identity of the person authorizing the application as required by 18 U.S.C. 2518 (4)(d).

On October 28th, 2014, the government submitted an application for an order authorizing the interception of wire communications to and from cellular phone number 417-241-5444. Eric McClanahan was identified as the subscriber/user of the phone and he was named as a "target".

The application was approved by an official within the Department of justice as authorized by the statute [18 U.S.C. 2518 (11)(b)].

United States District Judge Douglas Harpool issued an Order authorizing the interception of wire communications for a period of thirty (30) days.  Such Order did not identify the named authorized high level Department of Justice Official who approved the wiretap as set forth in [18 U.S.C. 2518 (4)(d)].  Interceptions commenced and lead to additional applications for wiretap interceptions.

The order for such interceptions failed to specify "the identity of the person authorizing the application as required by 18 U.S.C. 2518 (4)(d).

## POINTS AND AUTHORITIES

Under 18 U.S.C. 2518(10(a), in particular, Kenneth Friend has standing as an "aggrieved person," to challenge interceptions resulting from the each of the illegally obtained wiretaps, because he (Friend) was a target of the interceptions, identified in the application, and some of the intercepted calls may have originated from Friend's premises.  See *Alderman v. United States*, 394 U.S. 165 (1969).

Government agents in the their application for the Wiretap set forth the appropriate facts and testimony needed in order for the Court to approve the wiretap and for the Court to issue an Order.  Accordingly, the application and Order were subject to the provisions of 18 U.S.C. 2518 (11)(b) mandating, inter alia, that the authority to approve the application was limited to a tiny group of senior officials within the Department of Justice, viz.

    The attorney general
    The deputy attorney general
    The associate attorney general
    The assistant attorney general, or
    An acting assistant attorney general

4

A provision of 18 U.S.C. 2518(4)(d) requires that the Order include the actual name of the high ranking Department of Justice official that signed the authorization. The Order to intercept communications to and from the above described cellular phones did not list the designated high level Department of Justice official that approved the wiretap as set forth in [18 U.S.C. 2518 (4)(d)]. The Application did include, as an exhibit, the name of the authorizing official.

As a result, the wiretap Orders were not valid, and this court is required to suppress any "evidence directly or indirectly obtained" from communications intercepted pursuant to those Orders. *United States v. Giordano*, 416 U.S. 505, 528 (1974) (the absence of any valid authorization of the application was the equivalent of failing to identify at all in the interception order the person who authorized the application, rendering the order unlawful.

The Orders dated August 26th, 2014, September 10th, 2014, October 6th, 2014, October 28th, 2014 and November 4th, 2014 failed to identify by name the high ranking Department of Justice employee who approved each application. Therefore, the Order of authorization was "insufficient on its face." See *United States v. Kahn*, 415 US. 143 (1974). *United States v. Giordano*, 416 U.S. 505 (1974); *United States v. Chavez,* 416 U.S. 562 (1974). *United States v. Savoy, April 8th, 2016 (7th Cir. 2016).*

Finally, 18 U.S.C. 2518 (10)(a) provides that both the contents of intercepted communications and any evidence derived therefrom, may not be presented in court proceedings, if the communication was unlawfully intercepted. Moreover, under the traditional so-called "exclusionary rule", the government is barred from making evidentiary use of materials seized during, or obtained as the result of an impermissible

invasion of an individual's person or property. See *Wong Sun v United States*, 371 U.S. 471 (1985); *United States v. Scios*, 590 F.2d 956 (D.C. Cir. 1978).

**WHEREFORE,** Defendant Kenneth Friend, by and through his counsel of Whiteaker and Wilson P.C., request the Wiretaps as listed above and all evidence derived from them be suppressed and for any other relief as the Court deems just and fair.

Respectfully Submitted,

By: /s/ STUART P. HUFFMAN_____
STUART P. HUFFMAN
Missouri Bar No. 49633
ATTORNEY FOR DEFENDANT

**WHITEAKER & WILSON P.C.**
1848 S. Country Hill Lane
Springfield, Missouri 65809
Telephone: 417/882-7400
Telecopy: 417/882-6101

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Motion was e-mailed to the office of the United States Attorney, Western District of Missouri, on this 24th day of April 2017.

*/s/* STUART P. HUFFMAN_____
STUART P. HUFFMAN