IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 14-03106-01/29-CR-S-MDH |
| | ) | |
| KENNETH R. FRIEND *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE

Before the Court is Defendant Kenneth E. Friend's Motion to Suppress, (Doc. 918.), which has been referred to the undersigned for preliminary review pursuant to 28 U.S.C. § 636(b). Defendant Friend moves to suppress all evidence derived from the wire communications intercepted pursuant to five separate wiretap orders issued between August 26, 2014, and November 4, 2014, which Defendant claims were issued in violation of 18 U.S.C. § 2518. The undersigned held a hearing on the suppression issues on August 15, 2017. (Doc. 1037) Friend was present with his attorney, Stuart P. Huffman. (Doc. 1033) The Government was represented by Assistant United States Attorney Tim Garrison. (*Id.*) During a brief hearing, neither party presented any testimony; however, the Court accepted into evidence, without objection, the Government's exhibits, which included certified copies of the five contested wiretap orders along with the supporting applications, the Attorney General's designation orders, and the authorization memorandums approving the applications.[1] (Doc. 1034) For the reasons below, it is **RECOMMENDED** that Defendant's Motion to Suppress, (Doc. 918), be **DENIED**.

---

[1] The parties also filed supplemental briefing following the hearing. (*See* Docs. 1053 and 1054) The Court notes Defendant Friend filed a pro se supplemental brief (Doc. 1072), raising similar arguments as his counsel as well as several new arguments that were never presented in the parties initial briefing or during the evidentiary hearing. Because Defendant is represented by Counsel, the Court is not obligated to entertain his pro se pleadings. *United States v. Haubrich*, 744 F.3d 554, 557 (8th Cir. 2014)(*citing Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001). Further, the arguments raised by Defendant Friend in his pro se filing are either addressed by this Court, irrelevant to the suppression issues raised, or unsupported by the record, and therefore not considered by this Court.

1

I.  **Findings of Fact**

Although neither party presented any testimony at the hearing on this Motion, the parties appear to be in agreement as to the following facts: The Government submitted five separate wiretap applications on August 26th, September 10th, October 6th, October 28th, and November 4th of 2014. Each application requested the court to issue orders authorizing the interception of wire communications related to a United States Drug Enforcement Administration investigation. Each application included two attachments, an Order by the United States Attorney General designating any Deputy Assistant Attorney General to authorize the submission of the applications to a federal judge, and a signed memorandum from the designated Deputy Assistant Attorney General ("authorizing official") who actually reviewed and authorized each application. In addition to attaching the authorization to the application, the Government also specifically identified the authorizing official by name in each application.[2] Defendant admits that each application submitted to the court included "the appropriate facts and testimony needed" for the Court to issue the orders and that the attached memorandums named the authorizing official. The District Judge reviewed and signed each application and issued five separate wiretap orders that identified the title but not the specific name of the authorizing official. This indictment followed approximately two months later. (Doc. 15)

II. **Conclusions of Law**

Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("the Act") provides detailed procedures regulating the government's interception of wire, oral, or electronic communications. Pub.L. No. 90–351, 82 Stat. 197, 211–25, codified at 18 U.S.C. §§ 2510-2520. The law has dual purposes, balancing Fourth Amendment privacy interests against law

---

[2] Deputy Assistant Attorney General David Bitkower authorized the submission of the August 26 application and Deputy Assistant Attorney General Kenneth Blanco authorized the submissions of the September 10th, October 6th, October 28th, and November 4th applications.

2

enforcement's need to effectively address organized crime by utilizing wiretapping tools in a limited, uniform and structured way. *United States v. Lomeli*, 676 F.3d 734, 738-739 (8th Cir. 2012) (citing *United States v. Moore*, 41 F.3d 370, 374 (8th Cir. 1994) (quoting S.Rep. No. 1097, 90th Cong., 2d Sess., *reprinted in* 1968-2 U.S.C.C.A.N. 2112, 2153)).  Pursuant to the Act, the government must follow detailed procedures to apply for a wiretap order.  §§ 2516, 2518(1).  Specifically, before submitting a wiretap application to the court, law enforcement must first obtain preliminary approval from the United States Attorney General or, as specifically delineated in the Act, an Assistant or Deputy Assistant Attorney General who the Attorney General has designated to authorize submission of the application.  §§ 2516(1).  Further, both the application and order must "identify" the official who authorized the application.  §§ 2518(1)(a),(3),(4)(d).  Finally, the Act provides grounds for an aggrieved party to move to suppress any evidence derived from the wiretap "if the disclosure of that information would be in violation of this chapter."  §§ 2515, 2518(10)(a)(ii).  Defendant Friend argues the evidence derived from these wiretaps must be suppressed because the wiretap orders did not identify the authorizing official by name, which he contends violates § 2518(4)(d) of the Act.  In response, the Government argues the omission is a mere technical violation that does not require suppression, and also asserts that Defendant only has standing to challenge the orders that identified his phone or resulted in calls where he was a participant in an intercepted conversation. The Court takes up the parties' arguments below.

As an initial matter, "[a] defendant may challenge evidence gathered pursuant to an interception order only if it is shown 'that it was directed at him, that the Government intercepted his conversations or that the wiretapped communications occurred at least partly on his premises.'" *United States v. Civella*, 648 F.2d 1167, 1171 (8th Cir. 1981)(citation omitted); § 2510(11).  The Government does not dispute Defendant's standing to challenge the October 6

and November 4 Orders, conceding they both "involved Defendant's phone." As to the August 26, September 10, and the October 28 orders, the Government alleges that Defendant can only challenge the admissibility of those telephone calls where he was a participant in an intercepted conversation. However, the October 28 order names Defendant Friend as a target, and therefore Defendant has standing to challenge this order. As to the remaining two orders, neither party articulates whether either order actually resulted in intercepted conversations that Defendant Friend was a party to or that occurred at Defendant Friend's premises. In its brief, the Government does not deny this possibility. Thus, Defendant has standing to challenge the calls derived from the August 26 or September 10 orders to the extent he was a party to any intercepted calls or the intercepted phone calls occurred on Defendant's premises.

The parties do not dispute that the applications in the present matter specifically name the authorizing official, while the orders only identify these officials by title instead of by name. The Act requires the order to "identify" the "person" authorizing the application, but does not necessarily require that such individual be identified by name.[3] Relying on a recent D.C. Circuit Court opinion, Defendant argues the failure to specifically name the authorizing official in the order violates § 2518(4)(d) and that suppression is mandatory. *See United States v. Scurry*, 821 F.3d 1, 12 (D.C. Cir. 2016). The United States Supreme Court has held, however, that not every violation of Title III will result in suppression. *United States v. Chavez*, 416 U.S. 562 (1974). In *Chavez*, the application and order misidentified the authorizing official who had approved the wiretap. *Chavez*, 416 U.S. at 570. The Court determined, after reviewing the legislative history, the identification requirement was designed to "establish on paper that one of the major

---

[3] The Eight Circuit has not addressed this issue squarely. The few circuits that have do not agree. *Compare United States v. Traitz*, 871 F.2d 368, 379 (3rd. Cir. 1989)(identifying the official by title is the same as identifying the official by their given name) *with United States v. Scurry*, 821 F.3d 1, 12 (D.C. Cir. 2016)(identifying a Deputy Assistant Attorney General (DAAG) by title is not the same as identifying them by name because there is more than one.)

4

procedural protections of Title III had been properly accomplished" but was not "central" to the functions of the statutory scheme. *Id*. at 579. Thus, suppression was not required because the misidentification did not undermine the approval and reviewing functions required by Congress. *Id*. at 572-575 (holding "there is no justification for suppression" so long as "compliance with the screening requirements of Title III is assured.")

Relying on the reasoning in *Chavez*, the Eight Circuit has held that suppression of wiretap evidence is warranted where "the statutory requirement violated occupies a central, or even functional, role in guarding against unwarranted use of wiretapping or electronic surveillance." *Lomeli*, 676 F.3d at 739 (citing *Chavez*, 416 U.S. at 578). When the provision violated does not play a central role in accomplishing the statutory scheme, the violation is merely a technical defect and suppression is not required. *Moore*, 41 F.3d at 376; *Lomeli*, 676 F.3d at 739. Specifically, in *Moore*, the Eight Circuit held that the failure of the Judge to sign a wiretap order was a mere technical defect because the record revealed the parties had satisfied all the safeguards to "protect against unauthorized or unwarranted wiretap surveillance." *Moore*, 41 F.3d at 375. In *Lomeli*, the Eight Circuit suppressed wiretap evidence after finding that the failure to identify the authorizing official in both the application and the order was more than a technical defect because the judge had no way of knowing the identity of the authorizing official, which clearly violated a core component of the Act. *Lomeli*, 676 F.3d at 741. The Court in *Lomeli* further reasoned that evidence that the judge knew the identity of the appropriate authorizing official "would have demonstrated compliance with all the fundamental statutory safeguards that protect against unauthorized or unwarranted wiretap surveillance." *Id*.

Unlike in *Lomeli*, the District Judge issuing the wiretap orders in the present matter had evidence that the appropriate officials had authorized the submission of the applications. Not only did the names of the officials appear in the applications, a signed memorandum from the

designated Deputy Assistant Attorney General who authorized each wiretap was attached to the applications, providing further assurance that the Government complied with procedural safeguards relating to proper approval. *Chavez*, 416 U.S. at 574. Defendant's reliance on *Scurry* is not persuasive. The *Scurry* court interprets 2518(10)(a)(ii) as mandating suppression where an order is insufficient on its face without considering the "core concepts" approach employed by the Supreme Court in *Chavez* and expressly followed by the Eight Circuit in *Moore* and *Lomeli*. Moreover, the *Scurry* decision is an outlier among the circuits, all of which have followed the approach outlined in *Chavez* in finding similar facts do not warrant suppression because the violation is nothing more than a technical defect. *See e.g. United States v. Small*, 423 F.3d 1164, 1178 (10th Cir. 2005); *United States v. Radcliff*, 331 F.3d 1153, 1162-63 (10th Cir. 2003); *United States v. Callum*, 410 F.3d 571, 576 (9th Cir. 2005); *United States v. Fudge*, 325 F.3d 910, 917–18 (7th Cir. 2003); *United States v. Traitz*, 871 F.2d 368, 379 (3rd Cir. 1989); *United States v. Vigi*, 515 F.2d 290, 293 (6th Cir. 1975); *United States v. Joseph*, 519 F.2d 1068, 1071 (5th Cir. 1975). Accordingly, when the authorizing official is identified by name in the application as well as an attached memorandum and by the proper title in the order, the failure to include the authorizing official's actual name in the wiretap order is a mere technical violation that does not require suppression.

### III. Recommendation

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Suppress (Doc. 918) be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE:  December 8, 2017